UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA L. FRIEDEBERG,<br><br>      Plaintiff,<br><br>-against-<br><br>DR. BRYAN MERIAM; DR. JORDAN GREENBERG,<br><br>      Defendants. | 24-CV-9074 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Donna L. Friedeberg, who resides in Norwich, Connecticut,[1] brings this *pro se* action against Dr. Bryan Meriam and Dr. Jordan Greenberg, who appear to be dentists or oral surgeons who practice in Norwich. (ECF 1 at 5.) For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of Connecticut.

### DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

---

[1] Plaintiff does not provide her address in her filings in this case, but in another recent case she provides an address in Norwich, Connecticut. *See Friedeberg v. Friedeberg*, EC 1:24-CV-8874, 1 (LTS) (S.D.N.Y. Nov. 22, 2024) (transferring complaint to the United States District Court for the District of Connecticut).

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

The Court construes the complaint as asserting that Defendants committed medical malpractice in providing Plaintiff with dental care or oral surgery. She does not provide an address for Defendants, but states that she resides in Norwich, Connecticut, where Defendants' practice is located. Because Plaintiff does not allege that Defendants reside in this District or that the events giving rise to her claims occurred in this District,[2] from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Connecticut, which constitutes one judicial district. *See* 28 U.S.C. § 86. Accordingly, venue lies in the District of Connecticut, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of Connecticut, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Connecticut. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[3] A summons shall not issue from this court. This order closes this case in this court.

---

[2] This judicial District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

[3] Plaintiff asks that the "court cost" be charged to a credit card number that she provides. (ECF 1 at 5.)

3

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 27, 2024
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge